UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 2, 2018

LETTER TO COUNSEL

      RE: *Dana Payne v. Commissioner, Social Security Administration*;[1]
           Civil No. SAG-17-2662

Dear Counsel:

On September 11, 2017, Plaintiff Dana Payne petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for disability benefits. [ECF No. 1]. I have considered the parties' cross-motions for summary judgment. [ECF Nos. 14, 17]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Ms. Payne's motion, grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Ms. Payne filed a claim for Disability Insurance Benefits ("DIB") on November 12, 2014, alleging a disability onset date of September 15, 2014. (Tr. 143-49). Her claim was denied initially and on reconsideration. (Tr. 80-83, 87-88). A hearing was held on September 1, 2016, before an Administrative Law Judge ("ALJ"). (Tr. 32-56). Following the hearing, the ALJ determined that Ms. Payne was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 16-31). The Appeals Council ("AC") denied Ms. Payne's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Payne suffered from the severe impairments of "osteoarthritis, hypertension, degenerative joint disease, degenerative disc disease, and obesity." (Tr. 21). Despite these impairments, the ALJ determined that Ms. Payne retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except the claimant can frequently balance and handle, and occasionally stoop, kneel, crouch, crawl, and climb ramps or stairs. She is unable to climb ladders, ropes, or scaffolds. She is

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

>to avoid concentrated exposure to extreme cold, vibration, loud noise, environmental irritants, and hazards including dangerous machinery and unprotected heights. The claimant requires the opportunity to sit momentarily after remaining standing for between thirty and sixty minutes.

(Tr. 22). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Payne could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 26-27).

In support of her appeal, Ms. Payne advances three primary arguments: (1) that the ALJ erred in considering her subjective complaints of pain; (2) that the ALJ did not provide an adequate explanation for imposing a sit/stand option; and (3) that the ALJ did not evaluate the disabling nature of her headaches. Each argument lacks merit for the reasons discussed below.

First, Ms. Payne asserts that the ALJ relied only on the lack of objective medical evidence to discredit her subjective complaints of disabling pain. Pl. Mot. 4-7. However, in contrast, the ALJ expressly stated, "In addition to the objective evidence, I have considered a variety of factors in evaluating the intensity, persistence, and limiting effects of the claimant's symptoms." (Tr. 24). The ALJ proceeded to discuss the conservative nature of Ms. Payne's medical treatment, the statements she had made to her treating providers about her conditions, and her "extensive range" of daily living activities in support of the ALJ's conclusion. (Tr. 24). Ms. Payne specifically contests the ALJ's assertion that she is "a primary caregiver for her grandchild," and that she is "able to care for her grandchild . . . with little assistance." Pl. Mot. 5-6; (Tr. 24). However, the record is replete with evidence to support the ALJ's description. *See, e.g.,* (Tr. 207) (Ms. Payne's report that she takes care of "my husband and grandson . . . . My husband is not in good health."); (Tr. 386) ("She does feel fatigued though she still works on her farm and is raising her grandson."); (Tr. 437) (Ms. Payne's statement that she does "care for her 5yo grandson who lives with her"); (Tr. 450) (Ms. Payne's assertion that she was "under [a] tremendous amount of stress raising her grandchild"); (Tr. 462) (Ms. Payne's assertion that she was "taking care of her grandchild at home"). Although Ms. Payne also contests the characterization of her activities as "extensive," the ALJ appropriately built an accurate and logical bridge between the evidence in the record, suggesting that Ms. Payne cares for her small grandchild and husband and maintains her home, and the conclusion that Ms. Payne's subjective allegations of disability do not entirely comport with the evidence. (Tr. 23-24). Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390 (1971). Even if there is other evidence that may support Ms. Payne's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, and given the evidence outlined above, I find the ALJ's evaluation of Ms. Payne's subjective complaints was supported by substantial evidence.

Next, Ms. Payne posits that the ALJ's RFC determination did not include an appropriate function-by-function analysis, particularly as to her need to sit periodically throughout the

workday. Pl. Mot. 10-11. However, the ALJ expressly explained that he believed the opinion of the State agency physician, Dr. Lowen, had not adequately accounted for Ms. Payne's complaints of persistent back pain and upper extremity numbness. (Tr. 25). Accordingly, the ALJ imposed a sit/stand option to allow for frequent positional changes, in accordance with Ms. Payne's testimony that she "requires positional changes throughout the day." (Tr. 23).

Finally, Ms. Payne alleges that the ALJ did not adequately consider her testimony that she suffers from regular and disabling headaches. Pl. Mot. 11-13. Ms. Payne cited to four cases in which this Court remanded the claims to the SSA, in part, for failure to assess evidence of headaches. *Id.* In each of those cases, however, migraine headaches had been determined to be a severe impairment, and, in at least one case, a treating doctor had corroborated that the plaintiff suffered from three to four disabling headaches per month. *See Fetter v. Commissioner*, Civil No. 15-2250-JMC, 2016 WL 3646850 (D. Md. July 7, 2016); *Muir v. Astrue*, Civil No. SKG-11-2041, 2013 WL 140779 (D. Md. Jan. 3, 2013); *Laroche v. Berryhill*, Civil No. TMD-16-3214, 2018 WL 1243545 (D. Md. Mar. 9, 2018); *Thrower v. Colvin*, No. 5:15-CV-00290-FL, 2016 WL 4734355 (E.D.N.C. June 23, 2016). In this case, in contrast, headaches are not listed among Ms. Payne's severe impairments, and migraines have not been diagnosed. The ALJ did acknowledge Ms. Payne's testimony that she suffers from regular headaches, (Tr. 23), but noted in the opinion that she had indicated in 2014 "that her headaches resolved spontaneously after several weeks." (Tr. 24). A review of the medical records does not reflect that headaches of the type and frequency described in Ms. Payne's testimony were ever raised with any of her treating medical providers. Accordingly, I find no error in the ALJ's evaluation of Ms. Payne's headaches, and remand is unwarranted.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, [ECF No. 14], is DENIED, and Defendant's Motion for Summary Judgment, [ECF No. 17], is GRANTED. The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                            Sincerely yours,

                                            /s/

                                            Stephanie A. Gallagher
                                            United States Magistrate Judge